UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:17-cv-00024-FDW-DSC

| | |
|---|---|
| LENA WATTS-ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| CATAWBA COUNTY BOARD OF ) | ORDER |
| EDUCATION CHAIRMAN M. DAVID ) | |
| BRITTAIN, in his official capacity, d/b/a ) | |
| CATAWABA COUNTY SCHOOLS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. No. 8) pursuant to Rules 12(b)(2), (4), (5), and (6) of the Federal Rules of Civil Procedure for lack of personal jurisdiction, insufficient process, insufficient service of process, and for failure to state a claim upon which relief can be granted. Because Plaintiff appears *pro se*, the Court issued a Roseboro notice (Doc. No. 10) informing Plaintiff of the burden she carries in responding to Defendant's Motion. Plaintiff responded (Doc. No. 11), and this matter is now ripe for review. For the following reasons, the Court DENIES Defendant's Motion.

## I. BACKGROUND

On January 30, 2017, Plaintiff, an African-American female, filed suit against Defendant, the Chairman of the Catawba County Board of Education in his official capacity, for alleged race discrimination and retaliatory acts that took place while Plaintiff was employed by Defendant. (Doc. No. 1, p. 1).

1

Plaintiff began work as a substitute teacher for the Catawba County public school system in November of 2015. Id. at 4. On May 9, 2016, she was selected to teach at Maiden Elementary, with the expectation that she also be present to teach on May 16, May 23, May 27, and May 31. Id. On May 23, 2016, Plaintiff alleges that she was approached by two African-American students who informed Plaintiff that they were being treated unfairly by their permanent teacher due to their race. Id. Later that same day, Plaintiff approached another of the school's permanent teachers and informed him of the possible discrimination happening against the two students. Id. at 5. The next morning, May 24, 2016, Plaintiff alleges that she was ordered to not report to Maiden Elementary School for the remaining days of her teaching assignment. Id. at 6. When Plaintiff contacted the principal at Maiden Elementary inquiring about her dismissal, the principal allegedly told Plaintiff she was not the "best match" for the group of students to which she had been assigned. Id.

On June 20, 2016, Plaintiff filed a race discrimination complaint with the county's Assistant Superintendent. Id. at 8. The Assistant Superintendent conducted an investigation. Id. On October 7, 2016, he informed Plaintiff via letter that his investigation revealed no discrimination against Plaintiff on the basis of race. Id. at 10. Plaintiff then contacted the county's Superintendent, who allegedly informed Plaintiff that he agreed with the Assistant Superintendent's findings and conclusions. Id. at 12. On October 13, 2016, Plaintiff filed a charge of race discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). Id. After receiving a Notice of Suit Right from the EEOC on Nov. 3, 2016, Plaintiff then filed this present suit. Id. at 15. On April 7, 2017, Defendant moved to dismiss Plaintiff's complaint (Doc. No. 8).

## II. STANDARD OF REVIEW

### A. Rules 12(b)(2), (4) and (5), of the Federal Rules of Civil Procedure

A party invoking federal jurisdiction has the burden of establishing that personal jurisdiction exists over the defendant. New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005); Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989). On a motion to dismiss pursuant to Rule 12(b)(2), where a defendant provides evidence that jurisdiction does not exist, a plaintiff must come forward with evidence sufficient to counter that of defendant. IMO Industries, Inc. v. Seim S.R.L., 3:05-CV-420-MU, [2006 BL 145365], 2006 U.S. Dist. LEXIS 92554, 2006 WL 3780422, at *1 (W.D.N.C. Dec. 20, 2006).

Under Rules 12(b)(4) and (5), "the plaintiff bears the burden of establishing that the service of process has been performed in accordance with the requirements of Federal Rule of Civil Procedure 4." Elkins v. Broome, 213 F.R.D. 273, 275 (M.D.N.C. 2003). Where service of process has given the defendant actual notice of the litigation, "the rules, in general are entitled to a liberal construction. When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process." Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984). However, this does not give the Court license to ignore the plain requirements for the means of effecting service of process contained in the rules. See id. Under North Carolina law, "a plaintiff who fails to comply with [service of process statutes], even where actual notice occurs, does not properly serve the defendant." Shaver v. Cooleemee Volunteer Fire Dep't., No. 1:07-cv-175, [2008 BL 71005], 2008 WL 942560, at *2 (M.D.N.C. 2008) (citing Stack v. Union Reg'l Mem'l Med. Ctr., Inc., 614 S.E.2d 378, 382 (N.C.App. 2005); Greenup v. Register, 410 S.E.2d 398, 400 (N.C.App. 1991); Broughton v. Dumont, 259 S.E.2d 361, 363 (N.C.App. 1979)).

### B. Rule 12(b)(6) of the Federal Rules of Civil Procedure

Rule 12(b)(6) allows a defendant to move for dismissal when a plaintiff has not stated a claim that is recognized by law. In order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, Plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). In order to be plausible, a complaint must contain sufficient factual matter "that allows the court to draw the reasonable inference that the defendant is liable." Id. Rule 8(a) requires that a plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a). While a high level of factual detail is not required, a complaint needs more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

### III. ANALYSIS

Defendant supports its Motion to Dismiss with two arguments: (1) the complaint should be dismissed under Rules 12(b)(2), (4), and (5) because it fails to correctly name "Catawba County Board of Education" as a defendant in the caption of her complaint pursuant to N.C. Gen. Stat. § 115C-40; and (2) the complaint should be dismissed because it is an "official-capacity" claim and is therefore duplicative of Plaintiff's claim against the Board of Education. (Doc. No. 9, p. 4-5). The Court rejects both of these arguments for reasons stated below.

Rather than improperly filing a claim against the board of education and a duplicative official capacity claim, the Court finds Plaintiff has properly filed suit against one defendant, David Brittain, a state officer in his official capacity.

As Defendant points out, proper terminology is important when bringing suit against a public school system. Pursuant to N.C. Gen. Stat. § 115C-40, the board of education is a body corporate and holds the responsibility for defending suits against the local school administrative unit. Accordingly, to bring suit against the public school system in Catawba County the proper defendant would be the "Catawba County Board of Education." See N.C. Gen. Stat. § 115C-40. Here, had Plaintiff intended to name the board of education as a defendant in the case caption, her complaint would not be in accordance with N.C. Gen. Stat. § 115C-40. Such argument is irrelevant, however, because the caption properly names Defendant as David Brittain in his official capacity as Chairman of the Catawba County Board of Education.

The Supreme Court, in clarifying the distinction between official and personal capacity actions, has held official capacity suits against state officers are generally "another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165-66, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985) (citing Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690, n.55, 98 S. Ct. 2018, 2035, n.55, 56 L. Ed. 2d 611 (1978). In Kentucky, the Court further determined that an official capacity suit brought against a representative of a state entity is "to be treated as suits against the entity." Id. at 166, 105 S.Ct. at 3105.

Because an official capacity suit brought against a representative of the state is deemed to be against that state entity, such a claim is unnecessary if the entity is already a defendant. Citing

Kentucky, the Fourth Circuit has held an official capacity claim against a school administrator should be dismissed as duplicative when the school board is also a defendant. Love—Lane v. Martin, 355 F.3d 766, 783 (4th Cir. 2004) (holding an official capacity claim against defendant superintendent was essentially a claim against defendant school board and therefore duplicative); see Hicks v. Halifax Cty. Bd. of Educ., 93 F. Supp. 2d 649, 667 (E.D.N.C. 1999) (dismissing official capacity claims against superintendent and principal where school board was also sued under the same claim).

Unlike Kentucky, however, in this case there is no duplicative claim. Contrary to Defendant's contention, the school board is not a separately named defendant. This Court finds only one claim, and it is against state officer, David Brittain, in his official capacity. Accordingly, Defendant's argument that the complaint should be dismissed under Rules 12(b)(2), (4), and (5), fails.

Furthermore, Defendant's 12(b)(6) claim, for which Defendant makes no argument and provides no support, also fails. Assuming the facts alleged in the complaint to be true and construing those facts in the light most favorable to Plaintiff, the Court finds that Plaintiff asserts a plausible claim for relief.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. No. 8) is DENIED.

IT IS SO ORDERED.

Signed: October 6, 2017

Frank D. Whitney
Chief United States District Judge